

U.S. Department of Justice

United States Attorney
Eastern District of New York

HDM:RCH/FJN
F. #2016R01214

271 Cadman Plaza East
Brooklyn, New York 11201

June 13, 2021

By ECF

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Asre, et. al.
           Criminal Dkt. No. 21-174 (DG)

Dear Judge Gujarati:

      The government respectfully submits this letter in response to the Court's order dated June 9, 2021 ("Order"), in which the Court ordered the government to supplement its showing of good cause to enter the stipulated protective orders submitted pursuant to Federal Rule of Criminal Procedure 16(d)(1) for discovery materials in this case (the "Protective Orders") (ECF Nos. 22 and 23).

      As set forth in more detail below, the government does not seek through the Protective Orders to seal any materials that would otherwise be publicly available. Rather, under longstanding practice, supported by case law, pretrial discovery is privately exchanged between the parties and is not ordinarily made available to the public. As such, the Protective Orders will not impact the public's right of access to judicial proceedings. Instead, the government seeks the entry of the Protective Orders to protect the privacy interests of the defendants and individuals who had a banking relationship with the New York State Employees Federal Credit Union or other financial institutions where relevant financial transactions occurred, and to prevent the defendants from using discovery for "purposes [other than] defending against the charges." See Protective Orders at ¶ 2 (ECF No. 22-1 and 23-1). Defense counsel for both defendants continue to have no objection to the entry of the Protective Orders.

    I.    Background and Proposed Protective Orders

      The defendants in this case are charged in a multi-count indictment. Defendant Gyanendra Asre is charged with one count of failing to maintain an Anti-Money

Laundering Program, in violation of 31 U.S.C. §§ 5318, 5322(a), and 5322(b); one count of failing to maintain an effective Anti-Money Laundering Program, in violation of 31 U.S.C. §§ 5318, 5322(a), and 5322(b); five counts of failure to file Reports of Suspicious Transactions, in violation of 31 U.S.C. §§ 5318, 5322(a), and 5322(b); and one count of operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960. Defendant Hanan Ofer is charged with one count of operating an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960.

The Protective Orders in this case provide for three potential categories of Rule 16 discovery material. First, there is ordinary "Confidential Discovery Materials," which can be used and disseminated as needed by defense counsel to the defendant and defense counsel staff for the purpose of defending against the charges in this case. See Protective Orders at ¶ 2. Second, the Protective Orders provide for the designation of "Sensitive Discovery Material." The defendant is not permitted to keep such material, but may review those materials in the presence of his counsel. Id. at ¶ 8. Third, the Protective Orders provides for materials designated "Attorneys' Eyes Only," which may only be reviewed and kept by defense counsel and specified staff. Id. at ¶ 12. Sensitive Discovery Material is defined in the Protective Orders as "identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection" under the Protective Orders. See Protective Orders at ¶ 14. "Attorneys' Eyes Only" material is defined as material where the sensitive designation "provides insufficient protection to such materials." Id. at ¶ 14.

Notably, if the defendant or his counsel disagree with any designation by the government, the Protective Order provides a mechanism by which the designation may be challenged. Id. at ¶ 13.

II. Legal Standard

This Court has the authority under Federal Rule of Criminal Procedure 16(d) to issue a protective order restricting the dissemination of discovery for good cause. See Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."); United States v. Stewart, 590 F.3d 93, 98-99 (2d Cir. 2009) (citing Fed. R. Crim. P. 16(d)); In re: Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 93, 122 (2d Cir. 2008) (noting that Rule 16(d) grants district courts the discretion to establish conditions "under which the defense may obtain access to discoverable information"); United States v. Smith, 985 F. Supp. 2d 506, 521 (S.D.N.Y. 2013) (noting that "the Supreme Court has held that the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of materials which they may be entitled to inspect").

As a threshold matter, the government clarifies that it does not seek to shield from public view any materials that would otherwise be public; nor will the Court's endorsement of the Protective Orders result in the sealing of any discovery materials or affect a public right of access to such materials. By its own terms, Rule 16 contemplates that discovery materials should be exchanged privately between the parties and not disclosed publicly. See Seattle Times Company v. Rhinehart, 467 U.S. 20, 31-33 (1984) (noting that pretrial civil discovery materials are not traditionally available to the public); United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (holding the same in the context of criminal discovery); Smith, 985 F. Supp. 2d at 519 (noting that pretrial discovery "is usually conducted in private"). Because the purpose of pretrial discovery is solely to prepare a defense, discovery materials provided by one party or another should not be disseminated before trial to members of the public. See Anderson, 799 F.2d at 1441 ("Discovery, whether civil or criminal, is essentially a private process because the litigants and courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private."); United States v. McVeigh, 918 F. Supp. 1452, 1460 (W.D. Okla. 1996) (limitations on public disclosure of discovery information "assure the fairness of the proceedings" and "emphasize that trials are conducted inside the courtroom . . . rather than on the courthouse steps"). Indeed, the Supreme Court has held that "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." Seattle Times Co., 467 U.S. at 33; see also United States v. Caparros, 800 F.2d 23, 25 (2d Cir. 1986) (finding that a defendant's claim that a protective order in a criminal case was an impermissible prior restraint "is inconsistent with precedent").

Accordingly, because the Protective Orders do not seal any otherwise publicly accessible materials or impinge on any public right of access, the Court should not decline to enter them on those grounds.[1]

III. Good Cause Exists for the Entry of the Protective Orders

The discovery in this case mostly consists of financial records, email communications, corporate board minutes, and other private documents that will be designated "Confidential Discovery Material" or "Sensitive Discovery Material." Notably, because the defendants were employed at the New York State Employees Federal Credit Union (and previously at other financial institutions)—all entities that held money for third parties—many of the documents in this case contain private information regarding those third parties. For example, bank records that will be produced in discovery contain personally identifiable information such as names, addresses, social security numbers, bank account numbers, account balances, and other details regarding individuals who are not charged in the indictment. These individuals clearly have an interest in not having their

---

[1] The Protective Orders also explicitly provide that, "[n]othing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding." Protective Orders at ¶ 2.

names and personally identifiable information publicly disseminated nor associated with the criminal conduct that is alleged in this case. Indeed, the courts themselves have recognized that the types of materials at issue are highly sensitive and should not ordinarily be available to the public. See Fed.R.App.P. 25(a)(5); Fed.R.Civ.P. 5.2; Fed.R.Crim.P. 49.1; Fed.R.Bankr.P. 9037 (mandating privacy protection and redactions of personally identifiable information for filings made with the courts).

By its terms, the Protective Orders strike the appropriate balance between the third parties' privacy concerns and the defendants' need to receive, process, analyze, and use the discovery. As explained above, most of the discovery in this case is expected to be treated as basic "Confidential Discovery Material" or "Sensitive Discovery Material" under the Protective Orders. Currently, the government does not anticipate any material as "Attorneys' Eyes Only." The subset of material designated "Sensitive Discovery Material" will largely consist of evidence belonging to and/or referencing third parties as described above. In addition, the discovery materials in this case contain sensitive information disclosed to government regulators pursuant to Bank Secrecy Act reporting requirements and other legal obligations that may also be marked "Sensitive Discovery Material." The entities that produced these materials to the government reasonably expected that the materials would not be publicly disseminated. Concomitantly, the government, when it collects materials from third-parties pursuant to the Bank Secrecy Act and other legal authorities, does not expect that all the materials collected will be publicly released. Indeed, the wholesale public release of such documents could have a chilling effect on the government's ability to obtain vital information from third parties. Because the defendants and witnesses for the defense are not bound by the same ethical and legal obligations to maintain the privacy and security of discovery materials, the Protective Orders builds in those protections.

Furthermore, the defendants will in no way be prejudiced in their efforts to prepare for trial by the entry of the Protective Orders. The Protective Orders provide that the discovery can be disseminated, in most cases, not only to the defendants and their attorneys, but also to "non-lawyer staff employed by defense counsel, as well as expert witnesses, investigators, and interpreters retained by defense counsel[.]" See Protective Orders at ¶ 2. Defense counsel would also be allowed to share discovery with potential witnesses in the course of trial preparation in the presence of defense counsel or her staff. Id. ¶ 10. These requirements are not onerous and are an appropriate precaution given the sensitive nature of the discovery materials.

For the foregoing reasons, the government respectfully requests that the Court enter the proposed Protective Orders regarding discovery in this case.

              Respectfully submitted,

              MARK J. LESKO
              Acting United States Attorney

       By: /s/ Francisco J. Navarro
           Francisco J. Navarro
           Ryan C. Harris
           Assistant United States Attorneys
           (718) 254-7000

           DEBORAH L. CONNOR
           CHIEF, MONEY LAUNDERING AND
           ASSET RECOVERY SECTION

       By: /s/ Margaret A. Moeser
           Margaret A. Moeser
           Trial Attorney
           (202) 598-2345
           Margaret Leigh Kessler
           Trial Attorney
           (202) 307-0616

cc: All Counsel (via ECF)