AB:RCH/FJN
F.#2016R01214

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-                                STIPULATION & ADDENDUM TO
                                                       PROTECTIVE ORDER

GYANENDRA ASRE,                              21-CR-174 (DG)
   also known as "Gyanendra Kumar,"

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

       IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

       1.     Defendant Asre is charged with failure to file SARs. The government has determined that, in the limited and particular circumstances of this case, it might produce information that would reveal the existence of a SAR (collectively "SAR Information") to the defendant ("the Defendant") and the Defendant's counsel ("Defense Counsel") pursuant to its obligations under Rule 16 of the Federal Rules of Criminal Procedure; 18 U.S.C. § 3500; and Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).

       2.     Should the government produce SAR Information to the Defendant or Defense Counsel, the SAR Information, however designated, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the SAR Information will be designated Sensitive Discovery Material or Attorney's Eyes Only Material and used by the Defendant, Defense Counsel, and Defense Staff in compliance with the terms of

1

the Protective Order (ECF No. 25).  In addition, the Defendant, Defense Counsel and Defense Staff shall not publicly disclose or refer to the SAR Information, including, but not limited to, in any public Court filing or proceeding, absent prior agreement of the government or permission of the Court.

3. This SAR Information restriction continues to apply to SAR Information that is or becomes part of the public domain (including through a violation of the Protective Order) or the public court record, including, but not limited to, documents that have been received in evidence at other trials.

4. All other provisions of the Protective Order shall remain in place.

5. Defense Counsel shall review the terms of this Addendum to the Protective Order with the Defendant and members of the Defense Staff.  Further, Defense Counsel shall have the Defendant and every member of the Defense Staff sign an acknowledgement form provided by the government affirming that they understand the terms of the Addendum to the Protective Order and consequences of violating the Addendum to the Protective Order prior to reviewing any of the materials produced pursuant to the Addendum to the Protective Order.  Defense Counsel shall keep an accounting of the pages of the covered materials provided to members of the Defense Staff.

6. In the event the terms of this Addendum to the Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

7. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:      Brooklyn, New York
            December 14, 2021

*Jessica Lonergan* (signature)
_____
Jessica Lonergan, Esq.
Morris Fodeman, Esq.
Gary Farrell, Esq.
Attorneys for Defendant

BREON PEACE
United States Attorney
Eastern District of New York


By: /s/ Ryan C. Harris
Ryan C. Harris
Francisco J. Navarro
Assistant United States Attorneys


DEBORAH L. CONNOR
Chief, Money Laundering and
Asset Recovery Section
Criminal Division
U.S. Department of Justice


By: /s/ Margaret A. Moeser
Margaret A. Moeser
Margaret Leigh Kessler
Trial Attorneys

SO ORDERED.

_____
THE HONORABLE DIANE GUJARATI
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK